IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANTE FITZSIMMONS,
    Plaintiff,

v.

JOHN REILLY, et al.,
    Defendants.

CIVIL ACTION NO. 19-CV-2608

JUN 19 2019

KATE BARKMAN, Clerk
By:_____Dep. Clerk

## MEMORANDUM

TUCKER, J.                                                                                  JUNE 18, 2019

*Pro se* Plaintiff Dante Fitzsimmons, who was formerly a prisoner confined at the George W. Hill Correctional Facility ("GWH"), has filed a civil rights Complaint and a Motion to Proceed *In Forma Pauperis*. The Defendants are GWH Superintendent John Reilly, GWH Warden David Byrne, GWH Deputy Warden Mario Colucci, and GWH Security Chief Richard Leach. Because it appears that Fitzsimmons is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS

Fitzsimmons asserts that from September 20, 2018 to September 27, 2018, he was housed on Unit 8B, the intake unit at GWH, with three men in a two-man cell and forced to sleep next to a toilet. (ECF No. 2 at 16.)[1] From October 26, 2018 to October 29, 2018, he was housed on Unit 7A where, apparently due to a water main rupture, there was no running water, no working

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

toilets or showers, and inmates were defecating into trash bags and urinating in the showers. (*Id.*) He was then moved to Unit 4D on November 16, 2018 and housed for the next six weeks on the Unit's top tier where the cells had no working lights. (*Id.*) Fitzsimmons has appended to his Complaint copies of grievances he filed, one of which was responded to by Defendant Leach. (*Id.* at 20.) He has also appended a copy of a letter he wrote to Defendant Byrne on May 30, 2019, upon which several handwritten dates and a handwritten notation reading "Response received on 6/4/19." (*Id.* at 25.) Other grievances were responded to by other non-parties, and still others contain no response. (*Id.* at 19-24.) Fitzsimmons contends that the conditions of his confinement constituted a violation of his constitutional rights. (*Id.* at 5.) Although Fitzsimmons left blank the section of the form Complaint asking how he was injured due to the events he alleged, he seeks damages from each Defendant of $10,000. (*Id.* at 7.)

## II. STANDARD OF REVIEW

The Court will grant Fitzsimmons leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

---

[2] Since Fitzsimmons was released from custody before he filed this action the Prison Litigation Reform Act does not apply. *See* 28 U.S.C. § 1915(b).

2

U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Fitzsimmons is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Involving Conditions of Confinement

The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees challenging their conditions of their confinement. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Pretrial detainees are protected from "punishment" by the Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). Prison officials must ensure that pretrial detainees receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee [their] safety[,]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)), a § 1983 plaintiff asserting a conditions of confinement claim must also allege that prison officials acted with deliberate indifference to that plaintiff's health or safety. *See Wilson*, 501 U.S. at 298-99; *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837).

Fitzsimmons's conditions of confinement claim is based on his allegation that he was housed with three men in a two-man cell, had to sleep next to a toilet, and was later assigned to a housing units without running water or working lights. Fitzsimmons has not alleged a plausible constitutional violation because he has not alleged that the conditions deprived him of a basic

4

need.[3] Nor do the conditions he describes, while far from ideal, constitute an objectively serious deprivation or punishment. Housing multiple inmates in a cell does not alone establish a constitutional violation. *See, e.g., North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."); *Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard v. Taylor*, 538 F.3d 229, 232-35 (3d Cir. 2008) (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment); *Walker v. George W. Hill Corr. Facility*, Civ. A. No. 18-2724, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (concluding that prisoner plaintiff's claims that "he was forced to share a cell with two other individuals and that he was forced to sleep on the floor inside what was described as a boat unit" and that "his sleeping area was a very unhealthy and unsanitary space two feet from the toilet bowl" failed to state a Fourteenth Amendment claim with respect to allegations of overcrowding). Neither does the lack of running water for a short duration of time due to a water main rupture necessarily constitute "punishment." *See, e.g., Collier v. Adams*, 602 F. App'x 850,

---

[3] Fitzsimmons also fails to alleged that he was harmed and describe how each named Defendant was personally responsible for the alleged harm he suffered as a result of the conditions he describes.

5

853 (3d Cir. 2015) (holding that lack of running water in his cell for 77 hours was not "sufficiently serious"); *Alpheaus v. Camden Cty. Corr. Facility*, Civ. A. No. 17-0180, 2017 WL 2363001, at *14 (D.N.J. May 31, 2017) (holding that 2-3 week inconvenience of no running water in prison cell did not constitute denial of minimal civilized measures of life). Finally, Fitzsimmons fails to allege any injury resulting from being housed in a cell with no working lights. Thus, Fitzsimmons's Complaint fails to state a plausible claim against any of the named Defendants with respect to his allegations about the physical conditions of his confinement. However, because Fitzsimmons may be able to cure some the defects the Court has noted, he will be permitted an opportunity to file an amended complaint.[4]

### B. Claims Involving Grievances

Fitzsimmons may be attempting in his Complaint to assert a claim based on grievances he filed with prison officials. However, there is no constitutional right to a grievance system for incarcerated individuals. *See Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977) (providing that the law is well settled that there is no constitutional right to a grievance procedure); *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) ("Prisoners do not have a constitutional right to prison grievance procedures."). Accordingly, to the extent that Fitzsimmons attempts to raise such a claim, it is implausible and must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] In the accompanying Order, Fitzsimmons will be permitted to file an amended complaint. Should he choose to continue the action by filing an amended complaint, he should take care to comply with Rule 8 by providing enough information to put each Defendant he names therein on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.

6

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Fitzsimmons leave to proceed *in forma pauperis* and dismiss his Complaint. Fitzsimmons is granted leave to file an amended complaint limited to his conditions of confinement claims in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in those claims. An appropriate Order follows.

**BY THE COURT:**

*[signature]*
**PETRESE B. TUCKER, J.**